**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
————————————————————————

**CANAL@CAMP APARTMENTS, LLC,**

                    **Plaintiff,**                    **24-cv-2413 (JGK)**

          **- against -**                    <u>**MEMORANDUM OPINION AND**</u>
                                        <u>**ORDER**</u>
**MT HAWLEY INSURANCE COMPANY, ET AL.,**

                    **Defendants.**
————————————————————————

**JOHN G. KOELTL, District Judge:**

       The plaintiff, Canal@Camp Apartments, LLC, initially brought this action against the defendants, Mt. Hawley Insurance Company ("Mt. Hawley") and Aparicio, Walker, and Seeling, Inc. ("AWS") in state court in Louisiana. The plaintiff alleged that its property suffered damage from a hurricane and that Mt. Hawley failed to pay what was owed under a policy issued by Mt. Hawley. The plaintiff also claimed that the insurance agent AWS was liable for its failure to advise the plaintiff about changes in the renewal insurance policy obtained by AWS, and specifically about the addition of a venue selection clause that provided for venue in New York. On September 27, 2023, Mt. Hawley removed this action to federal court in Louisiana on the basis of diversity of citizenship jurisdiction. Not. of Removal, ECF No. 1. On March 27, 2024, the federal court in Louisiana granted Mt. Hawley's motion to transfer venue, ECF No. 25, and the action was transferred to this Court, ECF No. 26. The

1

plaintiff moves to remand this case to state court, arguing that there is incomplete diversity of citizenship. For the foregoing reasons, the motion to remand is **granted.**

## I. Procedural Background

The plaintiff commenced this action in state court in Louisiana on August 25, 2023, asserting various state-law claims against the defendants in connection with property damage sustained from Hurricane Ida by the plaintiff's property, which was allegedly covered by an insurance policy issued by Mt. Hawley. See Not. of Removal, Ex. A, ECF No. 1-2 ("Pet."). Mt. Hawley removed this action to federal court in Louisiana pursuant to 28 U.S.C. § 1441(b)(2), arguing that AWS -- like the plaintiff, a domiciliary of Louisiana -- was an improperly joined defendant. See Not. of Removal ¶ 10.

On October 26, 2023, the plaintiff filed this motion to remand the action to state court. Pl.'s Mot. to Remand, ECF No. 9. On November 27, 2023, the same day that the plaintiff filed its reply in support of its motion to remand, Mt. Hawley filed a motion to transfer venue. ECF No. 15. The federal court in Louisiana, finding that the "[m]otion to [r]emand speaks to the merits of [the plaintiff's] claim against AWS and should be decided by the court that may ultimately try the case[,]" granted the motion to transfer venue because the policy at issue contains a New York forum selection clause. ECF No. 25.

2

The plaintiff now moves to remand this action to the New York state court because the plaintiff alleges that AWS is a proper defendant and therefore complete diversity of citizenship is lacking. See Pl.'s Mot. to Remand at 1-2.

## II. Legal Standard

Removal from state court is governed by 28 U.S.C. § 1441, which provides that the only "civil action[s]" subject to removal are those over "which the district courts of the United States have original jurisdiction[.]" 28 U.S.C. § 1441(a). "[A] district court, when determining whether it has original jurisdiction over a civil action, should evaluate whether that action could have been brought originally in federal court . . . either because it raises claims arising under federal law or because it falls within the court's diversity jurisdiction." Home Depot U.S.A., Inc. v. Jackson, 139 S. Ct. 1743, 1748 (2019).

Diversity jurisdiction, which is the type of subject-matter jurisdiction at issue in this case, requires complete diversity between all named plaintiffs and all named defendants. See Lincoln Prop. Co. v. Roche, 546 U.S. 81, 84 (2005). For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its

principal place of business." 28 U.S.C. § 1332(c)(1); <u>see also</u> <u>Hertz Corp. v. Friend</u>, 559 U.S. 77, 80 (2010).

On a motion to remand, "the defendant bears the burden of demonstrating the propriety of removal." <u>Cal. Pub. Emps.' Ret. Sys. v. Worldcom, Inc.</u>, 368 F.3d 86, 100 (2d Cir. 2004) (quoting <u>Grimo v. Blue Cross/Blue Shield of Vt.</u>, 34 F.3d 148, 151 (2d Cir. 1994)).

### III. Discussion

Mt. Hawley argues that there are two reasons why the plaintiff has no claim against AWS, that AWS is improperly joined, and that removal is proper because there is complete diversity between the plaintiff and Mt. Hawley.

### A. Insurance Agent's Duty

Mt. Hawley contends initially that the plaintiff has no claim against AWS, the plaintiff's insurance agent, because under Louisiana law an insurance agent has no obligation to tell a client about the addition of a venue selection clause in a renewal of a policy. <u>See</u> Def.'s Opp'n at 3-6, ECF No. 10.

However, the plaintiff correctly argues that a federal court in Louisiana recognized a reasonable basis, under Louisiana law, for a claim much like the one in this case. <u>See</u> Pl.'s Mot. to Remand at 6. In <u>Scheuermann v. Hanover Insurance Company</u>, a court in the Eastern District of Louisiana granted a motion to remand by the plaintiff because it "f[ound] that [the

4

defendant seeking removal] ha[d] not established that there
[wa]s no reasonable basis for Plaintiff's claims against [the
insurance agent]." No. 06-cv-8620, 2007 WL 458221, at *4-5 (E.D.
La. Feb. 8, 2007). The Scheuermann plaintiff alleged that he
"relied on . . . his insurance agent to advise him of changes in
his policies" and that "his agent/broker . . . failed to do so."
Id. at *4. In this case, the plaintiff also alleges that it
relied on AWS to advise on changes in a policy renewal and that
AWS failed to do so. See Pet. ¶ 29 ("[A]WS Insurance should have
notified [the plaintiff] that the Endorsement would attempt to
limit the venue for all claims between [the plaintiff] and Mt.
Hawley in the State of New York[.]"); see also id. ¶ 28 (The
plaintiff "relied upon [A]WS Insurance to procure insurance
coverage that would not contain any type of endorsement or
condition mandating that [the plaintiff] bring its claims
against Mt. Hawley anywhere other than Louisiana.").

Mt. Hawley counters that the plaintiff relies on
Scheuermann "to argue that AWS had a heightened duty that was
breached" and that the Court of Appeals for the Fifth Circuit
has since rejected the premise that an agent owes its customer a
"heightened duty." Def.'s Opp'n at 7-8; see also id. at 4-5
(citing Coleman E. Adler & Sons, L.L.C. v. Axis Surplus Ins.
Co., 49 F.4th 894, 899 (5th Cir. 2022)). But the plaintiff in
this case does not argue that AWS had a heightened duty as

5

defined in <u>Coleman</u> -- that is, the "obligation to spontaneously
or affirmatively identify the scope or the amount of insurance
coverage the client needs" when the client fails to make any
specific request. 49 F.4th at 899 (quoting <u>Isidore Newman Sch.
v. J. Everett Eaves, Inc.</u>, 42 So.3d 352, 359 (La. 2010)).
Moreover, the plaintiff in this case alleges that it
"specifically inquired" about the forum selection clause. <u>See
id.</u>; <u>see also</u> Pet. ¶¶ 28-29.

Accordingly, the plaintiff has a cognizable claim against
AWS.

### B. Peremption

Mt. Hawley also argues that the plaintiff's claim against
AWS is barred by Louisiana's one-year period of limitations. <u>See</u>
Def.'s Opp'n at 8-10.

However, the relevant statute provides that an action must
be brought "within one year from the date of the alleged act,
omission, or neglect, or within one year from the date that the
alleged act, omission, or neglect is discovered or should have
been discovered." La. Stat. Ann. § 9:5606(A). In this case, the
plaintiff argues that it did not discover that the policy
contained a venue endorsement until 2023, after Mt. Hawley
excepted to the venue of Orleans Parish in an unrelated claim.
<u>See</u> Declaration of Chandru V. Motwani ¶ 7, ECF No. 9-2 ("Motwani
Decl."). The plaintiff further argues that no one notified the

plaintiff of the change in the policy and, because no one gave
notice, the plaintiff had no reason to expect any changes. <u>See</u>
<u>id.</u> ¶¶ 5-6.

None of the cases that Mt. Hawley cites, <u>see</u> Def.'s Opp'n
at 9-10, stands for the proposition that the peremptive period
begins to run upon the renewal of a policy (and the insured has
an obligation to read the renewal policy) when the insured is
not advised of a change in the policy. <u>See, e.g.</u>, <u>Calcasieu</u>
<u>Cameron Fair Ass'n v. Markel Int'l Ins. Co.</u>, No. 07-cv-1999,
2008 WL 2148460, at *3 (W.D. La. May 21, 2008) ("[C]onstructive
notice . . . sufficient to trigger the prescriptive period is
information or knowledge that ought to excite attention and put
the alleged victim on guard . . . knowledge of policy terms that
directly contradict a statement by the agent who sold the policy
is sufficient to excite attention and put the insured on guard."
(quoting <u>Dobson v. Allstate Ins. Co.</u>, No. 06-cv-0252, 2006 WL
2078423, *9 (E.D. La. July 21, 2006))).

In any event, Mt. Hawley's affirmative defense is not
sufficient to prevent remand. "[W]hile it is well-settled that
the Court may employ a summary judgment type procedure to pierce
the pleadings when considering questions of fraudulent joinder,
the summary judgment procedure is insufficient . . . when the
question cannot be resolved on the face of the pleadings or
other undisputed facts, but instead requires a fact-based

inquiry." <u>Catalano v. Cleggett-Lucas</u>, No. 02-cv-330, 2002 WL 506810, at *2 (E.D. La. Mar. 28, 2002). Mt. Hawley argues that there is no issue of fact in this case. <u>See</u> Def.'s Opp'n at 8-9. However, "the date of the plaintiff's discovery of [its] injury or damages" is, "[b]y its nature . . . often a fact-intensive inquiry[.]" <u>Catalano</u>, 2002 WL 506810, at *2. In this case, whether the plaintiff only discovered that the policy contained a venue endorsement in 2023 after Mt. Hawley excepted to the venue of Orleans Parish in an unrelated claim, <u>see</u> Motwani Decl. ¶ 7, is an issue of fact. Because the issue of peremption in this case will involve factual questions that should be reserved for the fact-finder, Mt. Hawley's peremption defense does not preclude remand. <u>See</u> <u>Catalano</u>, 2002 WL 506810, at *3.

In summary, Mt. Hawley bears the burden of demonstrating the propriety of removal, <u>see</u> <u>Worldcom</u>, 368 F.3d at 100, or, in this case, that the plaintiff has no cause of action against AWS and that therefore AWS is improperly joined. Mt. Hawley has failed to meet that burden. Accordingly, complete diversity of citizenship is lacking, and the case must be remanded to state court.

## CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. For the foregoing reasons, the

plaintiff's motion to remand is **granted.** The Clerk is directed
to remand this action to the New York State Supreme Court, New
York County, to close all pending motions, and to close this
case on the docket of this Court.

**SO ORDERED.**

Dated:      **New York, New York**
            **April 23, 2024**

                                           **John G. Koeltl**
                                **United States District Judge**

9